UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

TIMOTHY SOSEBEE,                       )
                                       )
       Plaintiff,                      )
                                       )
v.                                     )    4:05-cv-81
                                       )    *Mattice*
                                       )
SHERIFF STEVE GRAVES, et al.,          )
                                       )
       Defendants.                     )


**MEMORANDUM OPINION**


This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the motion for summary judgment filed by 18 of the 19 named defendants,[1] and plaintiff's response thereto. For the following reasons, the court finds this action should be **DISMISSED WITHOUT PREJUDICE**, for failure to exhaust administrative remedies, as to the 18 named defendants, and the defendants' motion for

---

[1] Although defendant Dr. David Florence was served with a copy of the complaint on January 10, 2006, he failed to answer or otherwise respond and his default was entered on January 31, 2007. Dr. Florence has been ordered to show cause why the case should not be set for a hearing to determine damages and to enter default judgment against Dr. Florence.

summary judgment will be **GRANTED** to that extent. All other pending motions will be **DENIED** as **MOOT**.

Plaintiff brought this action during his confinement in the Coffee County Jail; he is now in the Johnson State Prison in Wrightsville, Georgia. The defendants are Coffee County Sheriff Steve Graves and numerous jail officers and medical personnel. Plaintiff's complaint primarily concerns an alleged denial of medical care for spider bites. He also alleges that he was retaliated against for filing a grievance about the denial of medical care, and that the food served at the Coffee County jail is inadequate. Plaintiff seeks compensatory and punitive damages. The defendants move for summary judgment on several grounds, including plaintiff's failure to exhaust administrative remedies.

Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. §1983, he must exhaust all available administrative remedies. 42 U.S.C. §1997e; *Porter v. Nussle*, 534 U.S. 516 (2002). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 126 S. Ct. 2378, 2387 (2006). This means the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 2384.

As the Supreme Court has recently noted, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 127 S. Ct. 910, 918-19 (2007). Nevertheless, the *Jones* Court also held "that failure

to exhaust is an affirmative defense under the PLRA and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id*. at 921.

Plaintiff alleges that he filed grievances concerning his claims and he has attached copies of the grievances as exhibits to the complaint. [Court File No. 4, Complaint for Violation of Civil Rights, Exhibits 1-3]. Plaintiff also attached a copy of the Coffee County Jail Information Booklet, which outlines the grievance procedure at that facility. [*Id*., Exhibit 4]. Pursuant to the grievance procedure, an inmate must describe the issue in a letter headed "GRIEVANCE" and addressed to the jail lieutenant; the jail lieutenant will then discuss the matter with the inmate and the inmate may appeal the outcome to the jail administrator. [*Id*., Exhibit 4, § XIII, pp. 6-7, Grievance Procedure, ¶¶ 1-5].

Plaintiff states that he discussed the substance of his grievances with Lieutenant Beaty. Plaintiff did not, however, appeal the outcome of the grievances to the jail administrator. The defendants thus move for summary judgment for the reason that plaintiff failed to properly exhaust all administrative remedies. In response to the motion for summary judgment, plaintiff does not dispute his failure to appeal the grievances to the jail administrator but rather asks the court to not rule against him because of his lack of legal training. Under the circumstances, the court finds that plaintiff's complaint must be dismissed, as to the 18 named defendants who filed the motion for summary judgment, for failure to fully exhaust administrative remedies. According, their motion for summary judgment will be **GRANTED** for that reason.

**AN APPROPRIATE ORDER WILL ENTER.**

              */s/Harry S. Mattice, Jr.*
              HARRY S. MATTICE, JR.
             UNITED STATES DISTRICT JUDGE