UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

TIMOTHY SOSEBEE,                )
                                )
        Plaintiff,              )
                                )
v.                              )       4:05-cv-81
                                )       *Mattice*
                                )
SHERIFF STEVE GRAVES, et al.,   )
                                )
        Defendants.             )

**MEMORANDUM AND ORDER**

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. The matter is before the court on several motions filed by the parties. The court previously entered default against defendant Dr. David Florence, and Dr. Florence has filed a motion to set aside entry of default. Plaintiff moves the court to carry through with default judgment. The court also previously granted summary judgment to all other defendants, and plaintiff has filed a motion to reconsider the order granting summary judgment, or in the alternative an application for permission to appeal the order granting summary judgment, or in the alternative an appeal of the order granting summary judgment.

The record reflects that Dr. Florence was served with a copy of the complaint on January 10, 2006; service was by certified mail and the return receipt bears the signature of Jean La Fevre as agent for Dr. Florence. Dr. Florence failed to answer or otherwise respond

to the complaint and his default was entered on January 31, 2007. Dr. Florence was then ordered to show cause why the case should not be set for a hearing to determine the amount of damages to which plaintiff was determined and to enter default judgment against Dr. Florence. Dr. Florence was sent a copy of that order by certified mail.

Counsel for Dr. Florence has now filed a motion to set aside entry of default and answer on behalf of Dr. Florence. In an attached affidavit in support of the motion, Dr. Florence testifies that he was not aware of this lawsuit until he received the show cause order, at which time he immediately contacted his attorneys. According to Dr. Florence, there is a lady named Jean who works in his office, but she is not authorized to accept anything in his behalf in the nature of certified mail.

Counsel for Dr. Florence also points out that plaintiff's certificates of service for his request for entry of default and his motion for summary judgment by default indicates that the pleadings were sent to Rhonda Bradshaw, the attorney of record for the other defendants. Ms. Bradshaw's affidavit is also attached in support of the motion to set aside entry of default; she testifies that her office received from plaintiff the notice of default proceedings against Dr. Florence, but she does not now, nor did she ever, represent Dr. Florence.

In response, plaintiff moves the court to carry through with default judgment. Plaintiff asserts that he did mail Dr. Florence a copy of the request for entry of default, but mistakenly did not say so in his certificate of service, thinking that he only had to certify service to an attorney of record.

2

Under the circumstances, and for good cause shown, defendant's motion to set aside entry of default [Court File No. 61] is **GRANTED**; plaintiff's motion to carry through with default judgment [Court File No. 62] is **DENIED**. The Clerk is **ORDERED** to **SET ASIDE** the entry of default previously entered in this cause. Fed. R. Civ. P. 55(c).

The court found that this action should be dismissed without prejudice as to the other 18 defendants, for the reason that plaintiff had failed to exhaust his administrative remedies; the court thus granted the defendants' motion for summary judgment to that extent. The court specifically determined that plaintiff did not appeal the outcome of his grievances to the jail administrator, as required by jail grievance procedures. The court also noted that, in response to the motion for summary judgment, plaintiff did not dispute his failure to appeal the grievances to the jail administrator but rather asked the court to not rule against him because of his lack of legal training.

Plaintiff has now filed a motion to reconsider the order granting summary judgment, or in the alternative an application for permission to appeal the order granting summary judgment, or in the alternative an appeal of the order granting summary judgment. Plaintiff has failed to present any additional information which would cause this court to reconsider the order granting summary judgment. Accordingly, the motion to reconsider the order granting summary judgment is **DENIED**.

Plaintiff also seeks permission to appeal the order granting summary judgment, which the court will consider as a motion for interlocutory appeal. The court is of the opinion that

the order granting summary judgment to the other 18 defendants does not involve a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from that order will not materially advance the ultimate termination of this litigation. 28 U.S.C. §1292(b). Accordingly, plaintiff's motion for permission to appeal **DENIED**. The Clerk, however, is **DIRECTED** to file plaintiff's pleading as a notice of appeal.

**E N T E R :**

*/s/Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE
