UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

TIMOTHY SOSEBEE, )
 )
    Plaintiff, )
 )
v. ) 4:05-cv-81
 ) *Mattice*
 )
SHERIFF STEVE GRAVES, et al., )
 )
    Defendants. )

**MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the motion for summary judgment filed by defendant Dr. David Florence and plaintiff's response thereto, and plaintiff's motion to appoint counsel. For the following reasons, the motion for summary judgment [Court File No. 78] will be **DENIED** and the motion for appointment of counsel [Court File No. 75] will be **DENIED**.

Plaintiff brought this action during his confinement in the Coffee County Jail; he is now in the Georgia Diagnostic and Classification Prison in Jackson, Georgia. As defendants, plaintiff named Coffee County Sheriff Steve Graves and numerous jail officers and medical personnel, and Dr. David Florence, the contract doctor for the jail. Plaintiff's complaint primarily concerns an alleged denial of medical care for what was diagnosed as spider bites.

The motion for summary judgment filed by Sheriff Graves and the county jail officers and medical personnel was granted based upon plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e. Failure to exhaust administrative remedies is an affirmative defense, *Jones v. Bock*, 127 S. Ct. 910, 921 (2007), which has not been raised by defendant Dr. Florence. Instead, defendant contends he is entitled to summary judgment on the merits of the case.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

In his complaint, plaintiff alleges that, while a pretrial detainee in the Coffee County Jail, he suffered three spider bites one night. Although his arm hurt and began swelling, plaintiff alleges that numerous jail personnel refused his numerous requests for medical

2

treatment. He finally saw defendant seven days later. According to plaintiff, defendant told the nurse that plaintiff needed to be in the hospital on IV drugs, if possible, and gave her a prescription for medication if hospitalization was not possible. Plaintiff contends the jail failed to hospitalize him due to budget constraints, and that the jail failed to give him prescribed medication in retaliation for filing a grievance.

In his response to the motion for summary judgment filed by the jail personnel, plaintiff asserts for the first time that defendant purposely misdiagnosed plaintiff's injuries as spider bites, when in fact plaintiff was suffering from a staph infection. According to plaintiff, a correct diagnosis of staph could have shut down the jail and also cost too much for the county to treat.

In his pretrial narrative statement, plaintiff again contends that defendant deliberately misdiagnosed his condition as spider bites based upon pressure from jail personnel. Plaintiff also alleges that defendant should have overridden jail personnel and made sure that plaintiff was hospitalized for IV treatment and should have made sure that plaintiff received the medication that was prescribed for him.

The Eighth Amendment protects prisoners against the imposition of "cruel and unusual punishment." The Eighth Amendment's ban against cruel and unusual punishment obliges prison authorities to provide medical care for prisoners' serious medical needs. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Where prison officials are so deliberately

3

indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment." *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994).

In support of his motion for summary judgment, defendant has attached the affidavit of Sheriff Steve Graves as well as his own affidavit. Defendant testifies that he is a doctor of osteopathic medicine, licensed in Tennessee for 24 years, who served as a contract doctor providing medical services to Coffee County inmates. Under that contract, defendant examines the prisoners and provides medical treatment or prescribes medications as he deems appropriate. Defendant testifies that he has no authority over the prisoner, nor does he has the power or authority to force jail personnel to do or not do anything. [Court File No. 78, Motion for Summary Judgment, Attachment 1, Affidavit of Dr. David G. Florence, p. 1].

Defendant also testifies that he saw and prescribed medication or treatment for plaintiff on two occasions, and makes the conclusory statement that he met or exceeded the standard of care required of him as a physician. According to defendant, his affidavit is made based upon personal knowledge together with a review of plaintiff's medical records. Defendant further testifies that a copy of plaintiff's medical records are attached to his affidavit. [*Id*. at 1-2]. Plaintiff's medical records are not, however, attached to defendant's affidavit. The court gave defendant until May 23, 2008, within which to file plaintiff's medical records. Defendant has failed to file plaintiff's medical records or otherwise respond to the court's order.

4

In response to the motion for summary judgment, plaintiff has submitted his affidavit, in which he states he saw the defendant on at least three occasions and contradicts defendant's memory of events. Plaintiff reiterates his allegations of deliberate indifference to serious medical needs on defendant's part. Plaintiff also asks the court to consider his medical records, but states that he does not have a copy to send to the court. [Court File No. 83, Affidavit of Timothy Sosebee].

Plaintiff's medical records are relevant to defendant's claim that plaintiff received proper care from defendant. As noted, defendant has not provided the court with copies of those records. Under the circumstances, defendant's motion for summary judgment will be **DENIED**.

The appointment of counsel in a civil case is a matter within the discretion of the court. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). After careful consideration of plaintiff's motion to appoint counsel, including the type and nature of the case, its complexity, and the plaintiff's ability to prosecute his claim, this court is of the opinion that counsel is not necessary at this time to insure that plaintiff's claims are fairly heard. *See Knop v. Johnson*, 977 F.2d 996 (6th Cir. 1992); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Plaintiff's motion for appointment of counsel is **DENIED**.

**AN APPROPRIATE ORDER WILL ENTER.**

    */s/Harry S. Mattice, Jr.*
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE