UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

TIMOTHY SOSEBEE, )
 )
    Plaintiff, )
 )
v. ) 4:05-cv-81
 ) *Mattice*
 )
SHERIFF STEVE GRAVES, et al., )
 )
    Defendants. )

**MEMORANDUM OPINION**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the motions to reconsider, to alter and amend answer, and to alter and amend summary judgment filed by defendant David Florence and plaintiff's responses thereto, and plaintiff's cross motion for summary judgment. For the following reasons, the defendant's motions to alter and amend answer and to alter amend summary judgment [Court File Nos. 90 & 91, respectively] will be **GRANTED**; defendant's motion to reconsider the denial of summary judgment [Court File No. 89] will be **GRANTED** to the extent this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies; and plaintiff's cross motion for summary judgment [Court File No. 93] will be **DENIED**.

Plaintiff brought this action during his confinement in the Coffee County Jail; he is now in the Wheeler Corrections Facility in Alamo, Georgia. As defendants, plaintiff named Coffee County Sheriff Steve Graves and numerous jail officers and medical personnel, and Dr. David Florence, the contract doctor for the jail. The motion for summary judgment filed by Sheriff Graves and the county jail officers and medical personnel was granted based upon plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e.

Failure to exhaust administrative remedies is an affirmative defense, *Jones v. Bock*, 127 S. Ct. 910, 921 (2007), which was not raised by defendant Florence in his original answer or motion for summary judgment. Instead, defendant Florence contended he was entitled to summary judgment on the merits of the case. In support of the motion for summary judgment, defendant Florence submitted his affidavit, which he stated was based upon personal knowledge together with a review of plaintiff's medical records. Defendant Florence also stated that a copy of plaintiff's medical records were attached to his affidavit.

Plaintiff's medical records were not attached, however, to defendant Florence's affidavit. Although the court gave defendant Florence additional time within which to file plaintiff's medical records, defendant Florence failed to file plaintiff's medical records or otherwise respond to the court's order. The court determined that plaintiff's medical records were relevant to defendant's claim that plaintiff received proper care from defendant Florence and thus denied the motion for summary judgment filed by defendant Florence.

2

Defendant Florence now moves to alter and amend his answer to include the affirmative defense of failure to exhaust administrative remedies, and to alter and amend his motion for summary judgment to include the ground of failure to exhaust administrative remedies. In his motion to reconsider, defendant Florence attempts to explain the reason plaintiff's medical records were not timely filed; the medical records have now been filed as an attachment to the motion to alter and amend the motion for summary judgment.

Defendant Florence's motions to alter and amend his answer and to alter and amend the motion for summary judgment will be **GRANTED**. As previously noted, the motion for summary judgment filed by the remaining defendants was granted based upon plaintiff's failure to exhaust administrative remedies. Based upon the court's reasoning in that Memorandum Opinion [Court File No. 58] and incorporating said reasoning by reference herein, plaintiff's action should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. Accordingly, defendant Florence's motion to reconsider the denial of summary judgment will be **GRANTED** to that extent. Plaintiff's cross motion for summary judgment will be **DENIED**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                              */s/Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                             UNITED STATES DISTRICT JUDGE